UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X

CLEAMENT FRANCE,                        :

           Plaintiff,          :

      V.                                :

                                  :

FRED DORCH, Badge # 11694               :
New York City Police Officer;

LUIS ANGELES, Badge # 005094            :
New York City Police Officer;

                                  :

WILLIAM ROJAS, Badge # 014803           :
New York City Police Officer;

City of New York;                       :

          Defendants.            :

- - - - - - - - - - - - - - - - -X

## 19 CV 9881

42 U.S.C. § 1983 COMPLAINT

Civil Action No._____

*RECEIVED*
*OCT 22 2019*
*PRO SE OFFICE*

## INTRODUCTION

    This is a prisoner, pro se civil rights action filed by Plaintiff Cleament France, presently in the custody of the Federal Bureau of Prisons at FCI Allenwood in White Deer, Pennsylvania. The events described in the complaint occurred in New York City when Plaintiff was free and arrested by the New York City Police Department ("Department").

## JURISDICTION

    The Court has jurisdiction to adjudicate this matter pursuant to 28 U.S.C. § 1331 & 42 U.S.C. § 1983 & 28 U.S.C. § 1346.

<u>PARTIES</u>

1. Plaintiff is Cleament France as described in the Introduction.

2. Defendant Fred Dorch was a New York City police officer at the time of the events described in the complaint and is being sued in his personal capacity.

3. Defendant Luis Angeles was a New York City police officer at the time of the events described in the complaint and is being sued in his personal capacity.

4. Defendant William Rojas was a New York City police officer at the time of the events described in the complaint and is being sued in his personal capacity.

5. New York City is the municipal entity which employs defendants Dorch, Angeles and Rojas.

<u>FACTS</u>

6. On October 19, 2017, Plaintiff was arrested by officers Dorch, Angeles and Rojas while at his house in the Bronx, New York. Upon arrest, Plaintiff was taken outside, cuffed up, and placed in a van parked on the sidewalk.

7. While in the van, Plaintiff requested that defendant Rojas loosen the cuffs up as they were too tight and cutting into the Plaintiff's wrist. Defendant Rojas stated that he would doublecuff

Plaintiff in a few.

8. A few minutes later defendant Rojas came back and enquired of Plaintiff as to what Plaintiff was doing as Plaintiff was trying to get comfortable with the cuffs on so tight. Then defendants Rojas and Angeles jumped into the van. Defendant Angeles grabbed Plaintiff by the neck and threw Plaintiff to the floor face down. At this point defendants Rojas and Angeles began punching and kicking Plaintiff.

9. Defendant Dorch appeared and observed as defendant Rojas pulled the Plaintiff's pants and underwear down. Plaintiff was screaming what the hell they were doing. Then defendant Rojas grabbed Plaintiff's buttocks and inserted his hand up the Plaintiff's anus and rectum as defendant Angeles held the Plaintiff down and defendant Dorch yelled out instructions. Plaintiff was confused by these actions as he did not have any foreign materials hidden in his body.

10. Defendants alleged that narcotics were found during this manual body cavity search of the Plaintiff's anus and rectum. But this assertion is belied by the fact that this charge was dismissed by both state and federal jurisdictions.

11. After the manual cavity search, defendant Rojas stated that Plaintiff had some firm ass cheeks there and he had a hard time getting up in there. Defendant Rojas further stated that Plaintiff was squirming like somebody was trying to put some dick up in there and that he was getting hard struggling with Plaintiff.

(3)

12. After the Plaintiff was brought down to the police station, Plaintiff requested medical attention as he had bruises and lacerations to his body and his anus and rectum were hurting from the intrusion by defendant Rojas. This request for medical attention was denied.

13. The Plaintiff would later learn from several individuals who were arrested by the drug task force in that precinct that it was their practice to perform a manual body cavity search on individuals arrested for drug related crimes. These individuals had complained to the New York City officials about this practice over the previous years prior to Plaintiff's arrest by the task force.

## CLAIMS

14. That the actions of defendants Dorch, Rojas and Angeles in performing and allowing the manual body cavity search while he was in custody and cuffed up, without any reasonable suspicion, violated the Plaintiff's right to be free of unreasonable searches and seizures pursuant to the Fourth Amendment of the United States Constitution and Article I, section 12 of the New York State Constitution.

15. That defendant City of New York failed to train and properly supervise defendants Dorch, Rojas and Angeles in acceptable manual body cavity searches after defendant City of New York had been made aware of the practices of defendants Dorch, Rojas and Angeles through numerous complaints filed against those defendants by prior arrestees.

(4)

16. That the actions of defendants Dorch, Rojas and Angeles in performing and allowing the manual body cavity search in the **manner performed** by defendant Rojas constituted sexual abuse of Plaintiff and violates the Plaintiff's right to be free of cruel and unusual punishment under the Eighth Amendment of the United States Constitution and additionally violates the Plaintiff's right to equal protection and due process of law under the Fourteenth Amendment to the United States Constitution.

17. That the actions of Officers Dorch, Rojas and Angeles in beating the Plaintiff senseless while he was cuffed and secured and causing injury and pain to Plaintiff constituted excessive force under the Eighth Amendment to the United States Constitution.

<u>RELIEF</u>

A) Compensatory damages against defendants Dorch, Rojas,Angeles, City of New York in the amount of $50,000 as to each defendant;

B) Punitive damages in the amount of $50,000 as to each defendant: Dorch, Rojas and Angeles.

Respectfully Submitted,

Dated: 10/15/19

*Cleamont France*

Cleamont France
79733-054
FCI Allenwood
P.O. Box 2000
White Deer, Pa. 17887

(5)

<u>VERIFICATION</u>

Cleament France, Plaintiff in the foregoing 42 U.S.C. § 1983 complaint, declares, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing complaint is true and correct as to the facts contained in the complaint.

Dated: _10/15/19_____

Respectfully Submitted,

_Cleament France_

Cleament France
79733-054
FCI Allenwood
P.O. Box 2000
White Deer, Pa. 17887

Case 1:19-cv-09881-PGG-GWG   Document 1   Filed 10/21/19   Page 7 of 7

Cleamont France # 74733054
F.C.C. Allenwood
P.O. Box 2000
White Deer P.A 17887

<<79733-054>>
Court Clerk
Sourthern District
500 Pearl ST
NEW YORK, NY 10007
United States

Peo Se InTAKe Gp



