UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLEAMENT FRANCE,

                              Plaintiff,

        -against-

POLICE OFFICER FRED DORCH,
POLICE OFFICER LUIS ANGELES,
POLICE OFFICER WILLIAM ROJAS,
and CITY OF NEW YORK,

                              Defendants.

**ORDER ADOPTING**
**REPORT AND RECOMMENDATION**

19 Civ. 9881 (PGG) (GWG)

PAUL G. GARDEPHE, U.S.D.J.:

On October 21, 2019, Plaintiff Cleament France, proceeding pro se, filed a

Complaint alleging that his constitutional rights were violated when Defendants arrested and

searched him on October 19, 2017.  (Cmplt. (Dkt. No. 1) ¶ 6)

On November 26, 2019, this case was referred to Magistrate Judge Gabriel W.

Gorenstein for general pre-trial supervision.  (Order (Dkt. No. 9))

On April 30, 2020, Defendants filed an Answer denying the allegations made

against them.  (Answer (Dkt. No. 22))

On September 27, 2021, Defendants moved for summary judgment pursuant to

Rule 56 of the Federal Rules of Civil Procedure.  (Motion (Dkt. No. 54))  Plaintiff's

opposition was due on October 27, 2021.  (See Dkt. No. 59)  Plaintiff did not respond to

Defendants' motion.

On November 12, 2021, Judge Gorenstein issued an order requiring Plaintiff

to file his opposition by November 29, 2021, or file a letter with the Court indicating that

Plaintiff does not oppose the motion for summary judgment.  (Order (Dkt. No. 63))  Plaintiff

was warned that "failure to comply with this Order may result in dismissal of plaintiff's case under Fed. R. Civ. P. 41(b) for failure to prosecute."  (Id. at 1)

On December 6, 2021, Judge Gorenstein issued an order requiring Plaintiff to show cause why this case should not be dismissed for failure to prosecute, setting a deadline of December 27, 2021.  (Order (Dkt. No. 64))  Judge Gorenstein again warned Plaintiff that failure to comply with the Court's order could result in dismissal.  (Id.)  Plaintiff did not file a response.

On January 12, 2022, Judge Gorenstein issued a Report and Recommendation ("R&R") recommending that this case be dismissed for failure to prosecute.  (R&R (Dkt. No. 65))

In his R&R, Judge Gorenstein states that the parties have fourteen days from service of the R&R to file any objections, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  (Id. at 3)  The R&R further states that "[i]f a party fails to file timely objections, the party will not be permitted to raise any objections to this Report and Recommendation on appeal."  (Id. at 4)  Neither side has filed objections to the R&R.

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Where a timely objection has been made to the magistrate judge's recommendations, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

Where, as here, no objections are filed to a magistrate judge's R&R – despite clear warning that a failure to file objections will result in a waiver of judicial review – judicial

2

review has been waived.  See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); see also Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989))); see also Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report.").  This Court has nonetheless reviewed Judge Gorenstein's R&R for clear error.

In his R&R, Judge Gorenstein cites the relevant section of Fed. R. Civ. P. 41(b): "[i]f the plaintiff fails to prosecute . . . a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits."  (R&R (Dkt. No. 65) at 2)  Judge Gorenstein explains that "'the authority to invoke [dismissal] for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts.'"  (Id. (quoting Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982)))

Judge Gorenstein sets forth the five-factor test courts apply in considering whether an action should be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). (Id.)  Judge Gorenstein finds that all "factors strongly counsel in favor of dismissal in the instant case . . . [because Plaintiff] has failed to take any action in this case since March 29, 2021, when he informed the Court of a change in address."  (Id.)  Judge Gorenstein notes the prejudice to Defendants and the burden on the Court caused by Plaintiff's failure to prosecute.  (Id. at 3)  Finally, Judge Gorenstein concludes that dismissal of this action is necessary because "the Court

has no reason to believe that any lesser sanction will succeed in altering France's behavior."

(Id.)

Based on the foregoing analysis, Judge Gorenstein recommends that this action be dismissed for failure to prosecute.  (Id.)

This Court has reviewed Judge Gorenstein's R&R and finds it to be well-reasoned and free of clear error.  See Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted).  Accordingly, Judge Gorenstein's R&R is adopted in its entirety, and Plaintiffs' claims will be dismissed without prejudice for failure to prosecute.

## **CONCLUSION**

For the reasons stated above, this action is dismissed without prejudice.  The Clerk of Court is directed to close this case.

Dated:  New York, New York
        July 15, 2022

                                        SO ORDERED.

                                        Paul G. Gardephe
                                        United States District Judge